**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Mark Anthony Castillo v. The State of Texas

Appellate case number:   01-12-01046-CR

Trial court case number:  1328987

Trial court:                      208th District Court of Harris County

The complete record has been filed in the above-referenced appeal.  Appellant's brief was due on February 4, 2013.  On February 15, 2013, the Court notified appellant that a brief had not been filed and directed that appellant file a response within 10 days.  *See* TEX. R. APP. P. 38.8(b)(2).  Appellant did not respond.

Because appellant has not filed a brief, we must abate the appeal and remand the case to the trial court.  *See id.*  The trial court is directed to hold a hearing, at which a representative of the Harris County District Attorney's office, appellant's appointed trial counsel, Wilford A. Anderson, and appellant shall be present.[1]  The trial court shall have a court reporter record the hearing.  The trial court is directed to make findings on these issues:

(1)   whether appellant wishes to prosecute the appeal; and, if so,

(2)   whether an order should be entered relieving Wilford A. Anderson of his duties as appellant's counsel for failure to file a brief, *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2);

(3)   and, if so, enter an order relieving counsel of his duties and determine whether appellant is presently

---

[1]   Appellant shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

> (a) indigent, in which case, appoint appellate counsel at no expense to appellant, *see* TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (West Supp. 2012); or,
>
> (b) not indigent, in which case, set a date certain, no later than 30 days after the date of the hearing, by which appellant shall retain counsel; and

(4) establish a date certain by which appellant's brief will be filed in this Court, notwithstanding whether this Court has yet reinstated the appeal. *See* TEX. R. APP. P. 38.8(b).

**The trial court shall cause its findings and recommendations, and the court reporter's record of the hearing, to be filed in this Court no later than July 19, 2013.** *See id*. 38.8(b)(3). If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than July 19, 2013.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when supplemental clerk's record that complies with this order is filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.

Judge's signature: /s/ Sherry Radack
                     ⊠ Acting individually     □ Acting for the Court

Date: June 20, 2013